**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50282 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03825-MMA |
| v. | |
| JACQUELINE JIMENEZ-AGUILAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jacqueline Jimenez-Aguilar appeals from the district court's judgment and challenges the 36-month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jimenez-Aguilar contends that because the government did not prove, nor did she admit, that she knew the type and quantity of the drugs she imported, the district court erred in imposing a sentence greater than one year. Jimenez-Aguilar's argument is foreclosed by our decision in *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1473 (2016). There, we held that "a defendant's knowledge of the type and quantity of the controlled substance he imports is . . . not an element of the offense," that the government must prove for a mandatory minimum sentence to apply. *See id.* at 1016, 1019. Under this precedent, the government was not required to prove that Jimenez-Aguilar knew the type and quantity of the drugs she imported in order to trigger the 20-year statutory maximum under 21 U.S.C. § 960(b)(3).

**AFFIRMED.**